PBB

CEM: USAO# 2026R00540

IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**

USDC- BALTIMORE
'26 OCT 22 PM3:16

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**BREANN MICHELE LIVELY,**<br>**and**<br>**DONALD SAMUEL HAUBRICK,**<br><br>**Defendants.** | **CRIMINAL NO.** SAG-26-375<br><br>**(Sexual Exploitation of a Child, 18 U.S.C. § 2251(a), Aiding and Abetting, 18 U.S.C. § 2; Advertising Child Pornography, 18 U.S.C. § 2251(d), Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2); Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(2); Possession of Child Pornography, 18 U.S.C. 2252A(a)(5)(B); Forfeiture, 18 U.S.C. § 2253; 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c))** |

## INDICTMENT

### COUNT ONE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times material to this Indictment:

1. **BREANN MICHELE LIVELY ("LIVELY")** was born in 2000 and resided in North East, Maryland.

2. **DONALD SAMUEL HAUBRICK ("HAUBRICK")** was born in 1979 and resided In Elkton, Maryland.

3. Minor Victim was born in 2020 and was four years old at the time of the offenses against her.

4. Beginning no later than March 2024, **LIVELY** and **HAUBRICK** began an online sexual relationship through various internet platforms including Snapchat, Facebook, and WhatsApp.

5. Beginning no later than August 2024, **HAUBRICK** messaged **LIVELY** about engaging in sex acts with Minor Victim. On more than one occasion, **HAUBRICK** asked **LIVELY** to send images and videos of Minor Victim engaged in sexually explicit conduct.

## The Charge

6. From on or about September 2, 2024, through on or about September 7, 2024, in the District of Maryland, the defendant,

**BREANN MICHELE LIVELY,**

did knowingly attempt to and did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and such visual depiction was produced and transmitted using materials that have been mailed, shipped or transported in or affecting interstate and foreign commerce by any means including a computer, and such visual depiction had actually been transported and transmitted using any means and facility of interstate and foreign commerce, that is, **LIVELY** produced the following two files:

| File Name | Description |
| --- | --- |
| IMG-20240902-WA0004 | **LIVELY** and Minor Victim, both naked, with Minor Victim's pubic area exposed. |
| IMG-20240907-WA0001 | **LIVELY's** hand moving Minor Victim's underwear, exposing Minor Victim's genitals. |

18 U.S.C. § 2251(a), (e)
18 U.S.C. § 2

## COUNT TWO

(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges:

1. Paragraphs One through Five of Count One are incorporated here.

2. On or before September 7, 2024, in the District of Maryland, the defendant,

**BREANN MICHELE LIVELY,**

did knowingly attempt to and did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and such visual depictions were produced and transmitted using materials that have been mailed, shipped or transported in or affecting interstate and foreign commerce by any means including a computer, and such visual depictions had actually been transported and transmitted using any means and facility of interstate and foreign commerce, that is, a video file titled, "VID-20240907-WA0001.mp4," depicting **LIVELY** using her hand to rub Minor Victim's genitals over her underwear.

18 U.S.C. § 2251(a), (e)
18 U.S.C. § 2

**COUNT THREE**
(Advertising Child Pornography)

The Grand Jury for the District of Maryland further charges:

1. Paragraphs One through Five of Count One are incorporated here.

2. On or before August 30, 2024, in the District of Maryland, the defendant,

**DONALD SAMUEL HAUBRICK,**

knowingly made, printed, and published a notice and advertisement seeking and offering to receive, exchange, buy, produce, display, distribute and reproduce a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and which depictions were of such conduct, knowing and having reason to know that such notice and advertisement would be transported using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce including by computer, and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer.

18 U.S.C. § 2251(d), (e)
18 U.S.C. § 2

**COUNT FOUR**
(Distribution of Child Pornography)

The Grand Jury for the District of Maryland charges:

1. Paragraphs One through Five of Count One are incorporated here

2. On or about September 2, 2024, in the District of Maryland and elsewhere, the defendant,

**BREANN MICHELE LIVELY,**

knowingly distributed any child pornography and material that contains child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been, using any means or facility of interstate or foreign commerce, mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, **LIVELY** used the WhatsApp messaging application to distribute an image file to **HAUBRICK**, titled, "IMG-20240902-WA0004," depicting **LIVELY** and Minor Victim, both naked, with Minor Victim's pubic area exposed.

18 U.S.C. § 2252A(a)(2) and 2256
18 U.S.C. § 2

**COUNT FIVE**
(Distribution of Child Pornography)

The Grand Jury for the District of Maryland charges:

1. Paragraphs One through Five of Count One are incorporated here

2. On or about September 7, 2024, in the District of Maryland and elsewhere, the defendant,

**BREANN MICHELE LIVELY,**

knowingly distributed any child pornography and material that contains child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been, using any means or facility of interstate or foreign commerce, mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, **LIVELY** used the WhatsApp messaging application to distribute an image file to **HAUBRICK**, titled, "IMG-20240907-WA0001," depicting **LIVELY's** hand moving Minor Victim's underwear, exposing Minor Victim's genitals.

18 U.S.C. § 2252A(a)(2) and 2256
18 U.S.C. § 2

**COUNT SIX**
(Receipt of Child Pornography)

The Grand Jury for the District of Maryland charges:

1. Paragraphs One through Five of Count One are incorporated here

2. On or about September 2, 2024, in the District of Maryland and elsewhere, the defendant,

**DONALD SAMUEL HAUBRICK,**

knowingly received any child pornography and material that contains child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been, using any means or facility of interstate or foreign commerce, mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, **HAUBRICK** used the WhatsApp messaging application to receive an image file from **LIVELY**, titled IMG-20240902-WA0004, **LIVELY** and Minor Victim, both naked, with Minor Victim's pubic area exposed, said image file stored on **HAUBRICK's** HP Laptop, serial number CND6479GPY.

18 U.S.C. § 2252A(a)(2) and 2256
18 U.S.C. § 2

**COUNT SEVEN**
(Receipt of Child Pornography)

The Grand Jury for the District of Maryland charges:

1. Paragraphs One through Five of Count One are incorporated here

2. On or about September 7, 2024, in the District of Maryland and elsewhere, the defendant,

**DONALD SAMUEL HAUBRICK,**

knowingly distributed any child pornography and material that contains child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been, using any means or facility of interstate or foreign commerce, mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, **HAUBRICK** used the WhatsApp messaging application to receive an image file from **LIVELY**, titled IMG-20240907-WA0001, depicting **LIVELY's** hand moving Minor Victim's underwear, exposing Minor Victim's genitals, and stored the image file on **HAUBRICK**'s HP Laptop, serial number CND6479GPY.

18 U.S.C. § 2252A(a)(2) and 2256
18 U.S.C. § 2

**COUNT EIGHT**
(Distribution of Child Pornography)

The Grand Jury for the District of Maryland charges:

On or about April 28, 2026, in the District of Maryland and elsewhere, the defendant,

**DONALD SAMUEL HAUBRICK,**

knowingly distributed any child pornography and material that contains child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been, using any means or facility of interstate or foreign commerce, mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, **HAUBRICK** used the Kik messaging application to distribute a video file, titled, "46c3bf5c-ea0b-4e90-b99f-591c8788100aa.mp4," depicting a prepubescent female touching her own genitals and an adult hand touching the prepubescent female's genitals.

18 U.S.C. § 2252A(a)(2) and 2256
18 U.S.C. § 2

**COUNT NINE**
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about May 29, 2026, in the District of Maryland, the defendant,

**DONALD SAMUEL HAUBRICK,**

knowingly possessed any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which image had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, a Google Pixel 9 Pro, IMEI 350823272499899, manufactured outside of Maryland, containing one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256

**COUNT TEN**
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about May 29, 2026, in the District of Maryland, the defendant,

**DONALD SAMUEL HAUBRICK,**

knowingly possessed any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which image had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, HP Laptop, serial number CND6479GPY, manufactured outside of Maryland, containing a visual depiction of Minor Victim engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendants' convictions of any of the offenses charged in Counts One through Ten of this Indictment.

**Sexual Exploitation of Children Forfeiture and Possession of Child Pornography**

2. Upon conviction of any of the offenses set forth in Counts One through Ten of this Indictment, the defendants,

**BREANN MICHELE LIVELY,**
**and**
**DONALD SAMUEL HAUBRICK**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a. any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

**Property Subject to Forfeiture**

3. The property to be forfeited includes, but is not limited to, the following items seized from the defendant **HAUBRICK** on or about May 29, 2026: Google Pixel 9 Pro IMEI,

350823272499899; an HP Laptop, serial number CND6479GPY, a Movespeed USB thumbdrive; a black Google cell phone with serial number 8BPX1DELP, and a blue USB thumb drive.

6. The property to be forfeited includes, but is not limited to, the following items seized from the defendant **LIVELY** on or about August 20, 2026: Apple iPad A16; Samsung Galaxy cell phone with serial number R5Gl35R382N; Apple iPhone 17 Pro, serial number D92HXLR4RP, HP laptop computer and Apple MacBook laptop.

**<u>Substitute Assets</u>**

7. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
FOREPERSON

10/22/2026
Date